**UNITED STATES DISTRICT COURT**
**DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| ELAINE WANG, | : | |
| | : | |
| Plaintiff, | : | Case No. _______________ |
| | : | |
| v. | : | |
| | : | **COMPLAINT FOR VIOLATIONS OF** |
| DOVA PHARMACEUTICALS, INC., | : | **SECTIONS 14(e), 14(d) AND 20(a) OF** |
| STEVEN M. GOLDMAN, ROGER A. JEFFS, | : | **THE SECURITIES EXCHANGE ACT** |
| PAUL B. MANNING, ALFRED J. NOVAK, | : | **OF 1934** |
| DAVID ZACCARDELLI, SEAN | : | |
| STALFORT, and NANCY WYSENSKI, | : | **JURY TRIAL DEMANDED** |
| | : | |
| Defendants. | : | |

Elaine Wang ("Plaintiff"), by and through her attorneys, alleges the following upon information and belief, including investigation of counsel and review of publicly-available information, except as to those allegations pertaining to Plaintiff, which are alleged upon personal knowledge:

1. This is an action brought by Plaintiff against Dova Pharmaceuticals, Inc. ("Dova or the "Company") and the members Dova board of directors (the "Board" or the "Individual Defendants" and collectively with the Company, the "Defendants") for their violations of Sections 14(e), 14(d), and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), in connection with the proposed acquisition of Dova by affiliates of Swedish Orphan Biovitrum AB (publ), a Swedish public limited liability company ("Sobi").

2. Defendants have violated the above-referenced Sections of the Exchange Act by causing a materially incomplete and misleading Solicitation Statement on Schedule 14D-9 (the "Solicitation Statement") to be filed on October 11, 2019 with the United States Securities and Exchange Commission ("SEC") and disseminated to Company stockholders. The Solicitation

Statement recommends that Company stockholders tender their shares in support of a proposed transaction whereby Dragonfly Acquisition Corp., a wholly-owned subsidiary of Dragonfly Holding Corp., and an indirect wholly-owned subsidiary of Sobi, will merge with and into Dova, with Dova continuing as the surviving corporation (the "Proposed Transaction"). Pursuant to the terms of the definitive agreement and plan of merger the companies entered into (the "Merger Agreement"), each Dova common share issued and outstanding will be converted into the right to receive (i) $27.50 per share in cash, plus (ii) one contractual contingent value right ("CVR") per share which represents the right to receive a payment of $1.50 in cash if a specified regulatory milestone of the drug DOPTELET is achieved (the "Merger Consideration").

3. Defendants have now asked Dova's stockholders to support the Proposed Transaction based upon the materially incomplete and misleading representations and information contained in the Solicitation Statement, in violation of Sections 14(e), 14(d), and 20(a) of the Exchange Act. Specifically, the Solicitation Statement contains materially incomplete and misleading information concerning, among other things, (i) Dova's financial projections relied upon by the Company's financial advisors, Jefferies LLC ("Jefferies") and Evercore Group L.L.C. ("Evercore"), in their financial analyses; and (ii) the data and inputs underlying the financial valuation analyses that support the fairness opinions provided by Jefferies and Evercore. The failure to adequately disclose such material information constitutes a violation of Sections 14(e), 14(d), and 20(a) of the Exchange Act as Dova stockholders need such information in order to tender their shares in support of the Proposed Transaction.

4. It is imperative that the material information that has been omitted from the Solicitation Statement is disclosed to the Company's stockholders prior to the expiration of the tender offer.

5. For these reasons and as set forth in detail herein, Plaintiff seeks to enjoin Defendants from taking any steps to consummate the Proposed Transaction unless and until the material information discussed below is disclosed to Dova's stockholders or, in the event the Proposed Transaction is consummated, to recover damages resulting from the Defendants' violations of the Exchange Act.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction pursuant to Section 27 of the Exchange Act (15 U.S.C. § 78aa) and 28 U.S.C. § 1331 (federal question jurisdiction) as Plaintiff alleges violations of Sections 14(e), 14(d), and 20(a) of the Exchange Act and SEC Rule 14a-9.

7. Personal jurisdiction exists over each Defendant either because each is an individual who is either present in this District for jurisdictional purposes or has sufficient minimum contacts with this District as to render the exercise of jurisdiction over defendant by this Court permissible under traditional notions of fair play and substantial justice.

8. Venue is proper in this District under Section 27 of the Exchange Act, 15 U.S.C. § 78aa, as well as under 28 U.S.C. § 1391, because Dova is incorporated in this District.

## PARTIES

9. Plaintiff is, and has been at all relevant times, the owner of Dova common stock and has held such stock since prior to the wrongs complained of herein.

10. Individual Defendant Steven M. Goldman has been a member of the Board since May 2017.

11. Individual Defendant Roger A. Jeffs has served as a member of the Board since May 2017.

12. Individual Defendant Paul B. Manning has served as a member of the Board since September 2016.

13. Individual Defendant Alfred J. Novak has served as a member of the Board since May 2017.

14. Individual Defendant David Zaccardelli has been the Company's President and Chief Executive Officer ("CEO") and a member of the Board since December 2018.

15. Individual Defendant Sean Stalford has served as a member of the Board since September 2016.

16. Individual Defendant Nancy Wysenski has served as a member of the Board since June 2018.

17. Defendant Dova is incorporated in Delaware and maintains its principal offices at 240 Leigh Farm Road, Suite 245, Durham, North Carolina 27707. The Company's common stock trades on the NASDAQ Stock Exchange under the symbol "DOVA."

18. The defendants identified in paragraphs 10-16 are collectively referred to as the "Individual Defendants" or the "Board."

19. The defendants identified in paragraphs 10-17 are collectively referred to as the "Defendants."

**SUBSTANTIVE ALLEGATIONS**

**A. The Proposed Transaction**

20. Dova, a pharmaceutical company, focuses on acquiring, developing, and commercializing drug candidates for thrombocytopenia disease. The Company's lead product candidate is DOPTELET® that is indicated for the treatment of thrombocytopenia in adult patients with chronic liver disease scheduled to undergo a procedure. It also develops DOPTELET for the treatment of chronic immune thrombocytopenia and chemotherapy-induced thrombocytopenia. The Company was founded in 2016 and is headquartered in Durham, North Carolina.

21. On September 30, 2019, the Company announced the Proposed Transaction:

> DURHAM, N.C., Sept. 30, 2019 (GLOBE NEWSWIRE) -- Dova Pharmaceuticals, Inc. (NASDAQ:DOVA) announced today it has entered into an agreement and plan of merger with Swedish Orphan Biovitrum AB (Sobi) (OM:SOBI). Under the terms of the agreement, an indirect subsidiary of Sobi will commence a tender offer for all outstanding shares of Dova, whereby Dova stockholders will be offered an upfront payment for $27.50 per share in cash, along with one non-tradeable Contingent Value Right (CVR) that entitles them to an additional $1.50 per share in cash upon regulatory approval of DOPTELET for the treatment of chemotherapy-induced thrombocytopenia (CIT), representing a total potential consideration of $29.00 per share, or a total potential consideration of up to $915 million on a fully diluted basis.
>
> The upfront consideration of $27.50 per share represents a premium of 36% to Dova's closing price on September 27, 2019 and a premium of 59% to the 30-day volume weighted average price. The transaction was unanimously approved by the Boards of Directors of both companies and is expected to close in the fourth quarter of 2019.
>
> The proposed transaction is anticipated to enhance Sobi's position as a leader in hematology and orphan diseases and expand its presence in the United States. Additionally, Sobi intends to leverage its strong international presence to maximize the availability and commercial potential of DOPTELET globally.
>
> * * *
>
> **Transaction Details**
> Under the terms of the agreement, an indirect subsidiary of Sobi will commence a tender offer for all outstanding shares of Dova, whereby Dova stockholders will be offered an upfront payment for $27.50 in cash, along with one non-tradeable CVR of $1.50 per share. The non-tradeable CVR will be paid upon the regulatory approval of DOPTELET for the treatment of CIT. There can be no assurance such approval will occur or that any contingent payment will be made.
>
> Sobi will acquire any shares of Dova not tendered into the tender offer through a merger for the same per share consideration as will be payable in the tender offer. The merger will be effected as soon as practicable after the closing of the tender offer. Following completion of the merger, the common stock of Dova will no longer be listed for trading on the NASDAQ Global Select Market.

> Dova will file a recommendation to shareholders recommending they tender their shares to Sobi, subject to the terms of the definitive merger agreement. Certain of the Company's major stockholders, including Paul B. Manning, representing a majority of the outstanding shares have entered into a Tender and Support Agreement committing them to tender their shares into the tender offer. The transaction is subject to customary closing conditions, including the tender of more than 50% of all shares of Dova outstanding at the expiration of the offer and termination of the waiting period under the Hart-Scott-Rodino Antitrust Improvements Act.
>
> **Advisors**
> Jefferies LLC is acting as lead financial advisor to Dova Pharmaceuticals. Evercore is also serving as a financial advisor and Cooley LLP is serving as legal advisor to Dova Pharmaceuticals.

22. It is therefore imperative that Dova's stockholders are provided with the material information that has been omitted from the Solicitation Statement, so that they can meaningfully assess whether or not the Proposed Transaction is in their best interests.

## B. The Materially Incomplete and Misleading Solicitation Statement

23. On October 11, 2019, Dova filed the Solicitation Statement with the SEC in connection with the Proposed Transaction. The Solicitation Statement was furnished to the Company's stockholders and solicits the stockholders to tender their shares in support of the Proposed Transaction. The Individual Defendants were obligated to carefully review the Solicitation Statement before it was filed with the SEC and disseminated to the Company's stockholders to ensure that it did not contain any material misrepresentations or omissions. However, the Solicitation Statement misrepresents and/or omits material information that is necessary for the Company's stockholders to make an informed decision concerning whether to tender their shares, in violation of Sections 14(e), 14(d), and 20(a) of the Exchange Act.

24. The Solicitation Statement omits material information regarding the Company's financial projections and the valuation analyses performed by Jefferies and Evercore, the disclosure of which is material because it provides stockholders with a basis to project the future financial performance of the target company, and allows stockholders to better understand the analyses performed by the financial advisor in support of its fairness opinion of the transaction.

25. For the Management Projections (the "Projections") prepared by Company management for Dova, the Solicitation Statement provides values for non-GAAP (Generally Accepted Accounting Principles) financial metrics such as (1) Total Revenue (Probability-Adjusted); (2) Gross Profit; and (3) Unlevered Free Cash Flow, but fails to disclose: (i) the line items used to calculate the non-GAAP measures, or (ii) a reconciliation of these non-GAAP metrics to their most comparable GAAP measures, in direct violation of Regulation G. Solicitation Statement at 25.

26. With respect to Jefferies' *Selected Public Companies Analysis*, the Solicitation Statement fails to disclose the individual multiples and financial metrics for the companies observed by Raymond James in the analysis. Solicitation Statement at 30-31.

27. With respect to Jefferies' *Discounted Cash Flow Analysis*, the Solicitation Statement fails to disclose: (i) the implied terminal value for the companies; (ii) the Company's unlevered free cash flows as used in the analysis, including the line items used to calculate them; (iii) the basis for applying a perpetuity growth rate ranging from (20.0)% to 0.0% to the Company's normalized unlevered after-tax free cash flows for the calendar year ending December 31, 2030; and (iv) the basis for applying the range of discount rates from 11.7% to 12.7%. Solicitation Statement at 31.

28. In regards to Evercore's *Selected Public Company Trading Analysis*, the Solicitation Statement fails to disclose: (i) each of the individual multiples and financial metrics for the companies observed by Evercore in its analysis. These multiples must be disclosed as they are the key inputs in the analysis. Also omitted are: (i) the Company's net debt as of December 31, 2019; (ii) the Company's fully diluted shares as of August 31, 2019; (iii) the basis for applying the revenue multiple reference range of 2.5x to 4.5x to the Company's estimated revenue in calendar year 2026 and using the discount rate of 12%; and (iv) the inputs used to calculate the weighted average cost of capital ("WACC") that was used in the calculation. Solicitation Statement at 35-37.

29. Similarly, with respect to Evercore's *Selected Precedent Transaction Analysis*, the Solicitation Statement fails to disclose the individual multiples and financial metrics for each of the transactions observed by Evercore in the analysis. Solicitation Statement at 37-38.

30. With respect to Evercore's *Discounted Cash Flow Analysis*, the Solicitation Statement fails to disclose: (i) the implied terminal value for the companies; (ii) the Company's unlevered free cash flows as used in the analysis, including the line items used to calculate them; (iii) the basis for applying a perpetuity growth rate ranging from (15%) to (5%) to a terminal year estimate of the Company's normalized unlevered after-tax free cash flows; (iv) the basis for applying the range of discount rates from 11% to 13%; (v) the Company's estimated net debt (calculated as total debt less cash and cash equivalents) as of December 31, 2019; and (vi) the number of fully diluted Shares as of August 31, 2019. Solicitation Statement at 38-39.

31. In sum, the omission of the above-referenced information renders statements in the Solicitation Statement materially incomplete and misleading in contravention of the Exchange Act. Absent disclosure of the foregoing material information prior to the expiration of

the Tender Offer, Plaintiff will be unable to make a fully-informed decision regarding whether to tender her shares, and she is thus threatened with irreparable harm, warranting the injunctive relief sought herein.

## CLAIMS FOR RELIEF

## COUNT I

### On Behalf of Plaintiff Against All Defendants for Violations of Section 14(e) of the Exchange Act

32. Plaintiff incorporates each and every allegation set forth above as if fully set forth herein.

33. Section 14(e) of the Exchange Act provides that it is unlawful "for any person to make any untrue statement of a material fact or omit to state any material fact necessary in order to make the statements made, in the light of the circumstances under which they are made, not misleading . . ." 15 U.S.C. § 78n(e).

34. Defendants violated Section 14(e) of the Exchange Act by issuing the Solicitation Statement in which they made untrue statements of material facts or failed to state all material facts necessary in order to make the statements made, in the light of the circumstances under which they are made, not misleading, in conjunction with the tender offer. Defendants knew or recklessly disregarded that the Solicitation Statement failed to disclose material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading.

35. The Solicitation Statement was prepared, reviewed and/or disseminated by Defendants. It misrepresented and/or omitted material facts, including material information about the consideration offered to stockholders via the tender offer, the intrinsic value of the Company,

the Company's financial projections, and the financial advisors' valuation analyses and resultant fairness opinions.

36. In so doing, Defendants made untrue statements of material fact and omitted material information necessary to make the statements that were made not misleading in violation of Section 14(e) of the Exchange Act. By virtue of their positions within the Company and/or roles in the process and in the preparation of the Solicitation Statement, Defendants were aware of this information and their obligation to disclose this information in the Solicitation Statement.

37. The omissions and misleading statements in the Solicitation Statement are material in that a reasonable stockholder would consider them important in deciding whether to tender their shares or seek appraisal. In addition, a reasonable investor would view the information identified above which has been omitted from the Solicitation Statement as altering the "total mix" of information made available to stockholders.

38. Defendants knowingly, or with deliberate recklessness, omitted the material information identified above from the Solicitation Statement, causing certain statements therein to be materially incomplete and therefore misleading. Indeed, while Defendants undoubtedly had access to and/or reviewed the omitted material information in connection with approving the tender offer, they allowed it to be omitted from the Solicitation Statement, rendering certain portions of the Solicitation Statement materially incomplete and therefore misleading.

39. The misrepresentations and omissions in the Solicitation Statement are material to Plaintiff, and Plaintiff will be deprived of her entitlement to make a fully informed decision if such misrepresentations and omissions are not corrected prior to the expiration of the tender offer.

**COUNT II**
**Violations of Section 14(d)(4) of the Exchange Act and Rule 14d-9 Promulgated Thereunder (Against All Defendants)**

40. Plaintiff repeats and re-alleges each allegation set forth above as if fully set forth herein.

41. Defendants have caused the Solicitation Statement to be issued with the intention of soliciting stockholder support of the tender offer.

42. Section 14(d)(4) of the Exchange Act and SEC Rule 14d-9 promulgated thereunder require full and complete disclosure in connection with tender offers.

43. The Solicitation Statement violates Section 14(d)(4) and Rule 14d-9 because it omits material facts, including those set forth above, which render the Solicitation Statement false and/or misleading.

44. Defendants knowingly, or with deliberate recklessness, omitted the material information identified above from the Solicitation Statement, causing certain statements therein to be materially incomplete and therefore misleading. Indeed, while Defendants undoubtedly had access to and/or reviewed the omitted material information in connection with approving the tender offer, they allowed it to be omitted from the Solicitation Statement, rendering certain portions of the Solicitation Statement materially incomplete and therefore misleading.

45. The misrepresentations and omissions in the Solicitation Statement are material to Plaintiff and Plaintiff will be deprived of her entitlement to make a fully informed decision if such misrepresentations and omissions are not corrected prior to the expiration of the tender offer.

## COUNT III

**On Behalf of Plaintiff Against the Individual Defendants for Violations of Section 20(a) of the Exchange Act**

46. Plaintiff incorporates each and every allegation set forth above as if fully set forth herein.

47. The Individual Defendants acted as controlling persons of Dova within the meaning of Section 20(a) of the Exchange Act as alleged herein. By virtue of their positions as directors of Dova, and participation in and/or awareness of the Company's operations and/or intimate knowledge of the incomplete and misleading statements contained in the Solicitation Statement filed with the SEC, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of Dova, including the content and dissemination of the various statements that Plaintiff contends are materially incomplete and misleading.

48. Each of the Individual Defendants was provided with or had unlimited access to copies of the Solicitation Statement and other statements alleged by Plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause the statements to be corrected.

49. In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of Dova, and, therefore, is presumed to have had the power to control or influence the particular transactions giving rise to the Exchange Act violations alleged herein, and exercised the same. The omitted information identified above was reviewed by the Board prior to voting on the Proposed Transaction. The Solicitation Statement at issue contains the unanimous recommendation of the Board to approve the Proposed

Transaction. The Individual Defendants were thus directly involved in the making of the Solicitation Statement.

50. In addition, as the Solicitation Statement sets forth at length, and as described herein, the Individual Defendants were involved in negotiating, reviewing, and approving the Merger Agreement. The Solicitation Statement purports to describe the various issues and information that the Individual Defendants reviewed and considered. The Individual Defendants participated in drafting and/or gave their input on the content of those descriptions.

51. By virtue of the foregoing, the Individual Defendants have violated Section 20(a) of the Exchange Act.

52. As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(d) and (e), by their acts and omissions as alleged herein. By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the Exchange Act. As a direct and proximate result of Individual Defendants' conduct, Plaintiff will be irreparably harmed.

53. Plaintiff has no adequate remedy at law. Only through the exercise of this Court's equitable powers can Plaintiff be fully protected from the immediate and irreparable injury that Defendants' actions threaten to inflict.

**RELIEF REQUESTED**

WHEREFORE, Plaintiff demands injunctive relief in her favor and against the Defendants jointly and severally, as follows:

A. Preliminarily and permanently enjoining Defendants and their counsel, agents, employees and all persons acting under, in concert with, or for them, from proceeding with, consummating, or closing the Proposed Transaction, unless and until Defendants disclose the material information identified above which has been omitted from the Solicitation Statement;

B. Rescinding, to the extent already implemented, the Merger Agreement or any of the terms thereof, or granting Plaintiff rescissory damages;

C. Directing the Defendants to account to Plaintiff for all damages suffered as a result of their wrongdoing;

D. Awarding Plaintiff the costs and disbursements of this action, including reasonable attorneys' and expert fees and expenses; and

E. Granting such other and further equitable relief as this Court may deem just and proper.

**JURY DEMAND**

Plaintiff demands a trial by jury.

Dated: October 14, 2019

**RIGRODSKY & LONG, P.A.**

By: */s/ Gina M. Serra*

Brian D. Long (#4347)
Gina M. Serra (#5387)
300 Delaware Avenue, Suite 1220
Wilmington, DE 19801
Telephone: (302) 295-5310
Facsimile: (302) 654-7530
Email: bdl@rl-legal.com
Email: gms@rl-legal.com

*Attorneys for Plaintiff*

**OF COUNSEL:**

**WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP**
Gloria Kui Melwani
270 Madison Avenue
New York, NY 10016
Telephone: (212) 545-4600
Facsimile: (212) 686-0114
Email: melwani@whafh.com